Jon A. Birmingham (Cal. Bar. No. 271034)
jbirmi@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
1134 Chorro Street, Suite 150
San Luis Obispo, CA 93401
Tel: (805) 548-1800
Fax: (805) 980-3483

*Counsel for Plaintiff Everflex, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVERFLEX, LLC,<br><br>Plaintiff,<br>v.<br><br>EVEREX USA, INC.,<br><br>Defendant. | Case No. 26-cv-13132_______________<br><br>**COMPLAINT FOR:**<br>**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(A));**<br>**(2) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A));**<br>**(3) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; AND**<br>**(4) VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Everflex, LLC (hereinafter "Plaintiff" or "Everflex"), brings this suit for trademark infringement and federal unfair competition against Defendant EverEx USA, Inc. (hereinafter "Defendant" or "EverEx"), and alleges as follows:

## INTRODUCTION

1. This is a civil action for infringement of Plaintiff's registered trademarks EVERFLEX and EVERFLEX HEALTH under section 32 of the Lanham Act, 15 U.S.C. § 1114 and for unfair competition and false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) arising from Defendant's unauthorized use of Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks in connection with healthcare and rehabilitation software and services.

2. Plaintiff and Defendant currently both use their respective Marks on software in the health care field. The similarity of the Marks, relatedness of the goods and services, similarity of trade channels, and various other factors make Defendant's Mark likely to cause confusion among consumers.

3. As set forth below, Defendant's continued use of EVEREX has and continues to willfully infringe Plaintiff's federal registered trademarks for its EVERFLEX and EVERFLEX HEALTH Marks, and through this same conduct Defendant has unfairly competed with Plaintiff. These activities will continue unless enjoined by this Court.

## PARTIES

4. Plaintiff Everflex is a corporation organized under the laws of the State of California, having a principal place of business at 408 Higuera Street, Suite 200, San Luis Obispo, CA 93401.

5. On information and belief, Defendant EverEx is a corporation organized under the laws of the State of Delaware, having a principal place of business at 3003 N. 1st Street #221, San Jose, CA 95134.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the parties and the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338(a)-(b).

7. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides and actively conducts business in this judicial district; under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to these claims occurred in this district; and under 28 U.S.C. § 1391(b)(3), in that Defendant is subject to personal jurisdiction in this district with respect to this action.

**DIVISIONAL ASSIGNMENT**

**8.** Pursuant to the Court's Assignment Plan (General Order No. 44.D.3), venue for this intellectual property rights case is proper in any courthouse in this District.

**TRADEMARKS AT ISSUE**

9. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5717631 (hereinafter "EVERFLEX Mark") on the Principal Register in the United States Patent and Trademark Office for the mark EVERFLEX in connection with:

- "Computer services, namely, creating an on-line community for registered users to participate in discussions, get feedback from their peers, form virtual communities, and engage in social networking services in the field of physical fitness, athletics, sports and physical therapy; Providing a website featuring on-line non-downloadable software that enables users to create and manage custom exercise programs, build custom workouts, build custom physical fitness screens, and build custom screens to evaluate functional movement, in the fields of physical fitness, athletics, sports, and physical therapy; Providing a website featuring on-line non-downloadable software that enables users to create and manage a database of clients, develop and assign custom and pre-built workouts and screens to those clients, and generate reports for each client, in the fields of physical therapy, athletics, sports and physical therapy; Providing a website featuring on-line non-downloadable software that enables users to access training, education, testing and certification materials in the fields of physical fitness, athletics, sports and physical therapy; Providing a website featuring on-line non-downloadable software that enables users to customize routines over a global computer network, in the nature of physical therapy exercises, occupational therapy, strength and sports training, yoga exercises, work program exercises, geriatric exercises, orthopedic exercises, and pediatric exercises" in International Class 42; and

- "Counseling services in the fields of health, nutrition and lifestyle wellness; Physical therapy; Providing on-line medical record analysis services designed to provide patients with custom tailored information about the range of possible diagnoses and therapies associated with a defined set of symptoms; Providing wellness services, namely, personal assessments, personalized routines, maintenance schedules, and counseling; Providing an on-line, patient-initiated, patient-authorized, fee-for-service, medical profile and medical record analysis service designed to provide patients with custom tailored information about the range of possible diagnoses and therapies associated with a defined set of symptoms; Provision of medical services by health care professionals via the internet or telecommunication networks; Remote monitoring of data indicative of the health or condition of an individual or group of individuals for medical diagnosis and treatment purposes; Telemedicine services; Web-based health assessment services, namely, a series of health-related questions for response from the user that result in a report that provides health-related information in the form of recommended educational resources and treatment information; Wellness and health-related consulting services" in International Class 44.

Attached hereto as Exhibit A is a true and correct copy of the registration certificate for Reg. No. 5717631, which was issued by the United States Patent and Trademark Office on April 2, 2019. The registration of the EVERFLEX Mark is *prima facie* evidence of the mark's distinctiveness and validity, and of Plaintiff's exclusive right to use the mark in connection with the services recited in the registration. *See* 15 U.S.C. § 1115(a).

10. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5944935 (hereinafter "EVERFLEX HEALTH Mark"), an incontestable registration on the Principal Register in the United States Patent and Trademark Office for the mark EVERFLEX HEALTH in connection with:

- "Providing a website featuring on-line non-downloadable software that enables users to create and manage custom exercise programs, build custom workouts, build custom physical fitness screens, and build custom screens to evaluate functional movement, in the fields of physical fitness, athletics, sports, and physical therapy; Providing a website featuring on-line non-downloadable software that enables users to create and manage a database of clients, develop and assign custom and pre-built workouts and screens to those clients, and generate reports for each client, in the fields of physical therapy, athletics, sports and physical therapy; Providing a website featuring on-line non-downloadable software that enables users to access training, education, testing and certification materials in the fields of physical fitness, athletics, sports and physical therapy; Providing a website featuring on-line non-downloadable software that enables users to customize routines over a global computer network, in the nature of physical therapy exercises, occupational therapy, strength and sports training, yoga exercises, work program exercises, geriatric exercises, orthopedic exercises, and pediatric exercises.; Computer services, namely, creating an on-line community for registered users to participate in discussions, get feedback from their peers, form virtual communities, and engage in social networking services in the field of physical fitness, athletics, sports and physical therapy" in International Class 42; and
- "Counseling services in the fields of health, nutrition and lifestyle wellness; Physical therapy; Providing on-line medical record analysis services designed to provide patients with custom tailored information about the range of possible diagnoses and therapies associated with a defined set of symptoms; Providing wellness services, namely, personal assessments, personalized routines, maintenance schedules, and counseling; Providing an on-line, patient-initiated, patient-authorized, fee-for-service, medical profile and medical record analysis service designed to provide patients with custom tailored information about the range of possible diagnoses and

therapies associated with a defined set of symptoms; Provision of health care and medical services by health care professionals via the Internet or telecommunication networks; Remote monitoring of data indicative of the health or condition of an individual or group of individuals for medical diagnosis and treatment purposes; Telemedicine services; Web-based health assessment services, namely, a series of health-related questions for response from the user that result in a report that provides health-related information in the form of recommended educational resources and treatment information; Wellness and health-related consulting services" in International Class 44.

Attached hereto as Exhibit B is a true and correct copy of the registration certificate for Reg. No. 5944935, which was issued by the United States Patent and Trademark Office on December 24, 2019. The registration of the EVERFLEX HEALTH Mark is *prima facie* evidence of the mark's distinctiveness and validity, and of Plaintiff's exclusive right to use the mark in connection with the services recited in the registration. *See* 15 U.S.C. § 1115(a).

11. Plaintiff is the sole owner of the above-identified registrations, possessing all rights, title, and interest in and to the registered EVERFLEX and EVERFLEX HEALTH Marks, by virtue of an assignment dated July 24, 2025 from original registrant teleMovement Physical Therapy, a Professional Corporation ("teleMovement"), to Plaintiff.

12. In addition, Plaintiff possesses all rights, title, and interest in and to the common law rights subsisting in Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks (hereinafter "Plaintiff's Marks" or "Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks") based on continuous use of Plaintiff's Marks in U.S. commerce by Plaintiff and its predecessor-in-interest since at least as early as June 7, 2018 in the case of the EVERFLEX Mark and September 30, 2019 in the case of the EVERFLEX HEALTH Mark, both in connection with various physical therapy, counseling, and health services (the "Everflex Services").

## BACKGROUND AND RELEVANT FACTS

13. Plaintiff's parent company, Movement For Life, Inc., began operations in a single clinic in 1999. Since that time, it has expanded into a family of successful clinics across the country focusing on physical therapy.

14. Movement for Life, Inc. developed a health and wellness software platform for physical therapy practices, health groups, employers, and individuals, which it branded as "Everflex." Everflex LLC was formed in 2025 to manage the Everflex software platform, offering various digital healthcare solutions used in physical therapy (hereinafter referred to as "Plaintiff's Services") under the EVERFLEX Mark.

15. Plaintiff's Marks are well-known within the field of physical therapy, and are strongly associated with Plaintiff and its services.

16. Application Serial No. 87878026 to register the EVERFLEX Mark was filed on April 16, 2018 on an intent-to-use basis. The United States Patent and Trademark Office issued Registration No. 5717631 for EVERFLEX on April 2, 2019.

17. Application Serial No. 87854341 to register the EVERFLEX HEALTH Mark was filed on March 28, 2018 on an intent-to-use basis. The United States Patent and Trademark Office issued Registration No. 5944935 for EVERFLEX HEALTH on December 24, 2019.

18. Everflex and its predecessor-in-interest teleMovement have continuously used the EVERFLEX Mark in connection with its services since at least as early as June 7, 2018, with a priority date of April 16, 2018 based on the filing date of Application Serial No. 87878026.

19. Everflex and its predecessor-in-interest teleMovement have continuously used the EVERFLEX HEALTH Mark in connection with its services since at least as early as April 2, 2019, with a priority date of March 28, 2018 based on the filing date of Application Serial No. 87854341.

20. Plaintiff's use of its EVERFLEX and EVERFLEX HEALTH Marks has continued uninterrupted, and Plaintiff has never abandoned its use of the Marks.

21. Plaintiff has established extensive goodwill in the EVERFLEX and EVERFLEX HEALTH Marks relating to its services for digital healthcare solutions used in physical therapy and

healthcare and rehabilitation software and services. Plaintiff's Marks are inherently distinctive both to the public and within the trade, as used in connection with the highest quality of healthcare and rehabilitation software and services.

22. Defendant is a Republic of Korea corporation and filed an application for the EVEREX Mark ("Defendant's EVEREX Mark") on July 14, 2023, approximately four (4) years after registration of the EVERFLEX and EVERFLEX HEALTH Marks.

23. Defendant's EVEREX Mark published for opposition on July 30, 2024.

24. Plaintiff filed a Notice of Opposition against Defendant's EVEREX Mark on August 19, 2024, which became Opp. No. 91293375, and Defendant has been aware of Plaintiff and Plaintiff's Marks since at least the filing of that Opposition proceeding on August 19, 2024.

25. Defendant conceded during Opp. No. 91293375 that teleMovement's EVERFLEX and EVERFLEX HEALTH Marks have earlier priority dates than Defendant's EVEREX Mark.

26. Defendant initially filed Application Serial No. 98085822 for the EVEREX Mark on an intent to use basis, but during the course of the Opposition proceeding, where Plaintiff made numerous attempts to resolve the matter via settlement, Defendant began actual use of the Mark, including in connection with its advertising and promotional activities and through its website https://everex.ai.

27. Defendant has not received consent from Everflex to sell services utilizing Defendant's EVEREX Mark.

28. Defendant's EVEREX Mark omits only two letters from Plaintiff's EVERFLEX word mark, making the EVEREX Mark and EVERFLEX Mark nearly indistinguishable to consumers.

29. Defendant's EVEREX Mark is highly similar to Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks.

30. Defendant uses the EVEREX Mark in connection with physical therapy software and physical therapy software platforms.

31. Defendant's use of the EVEREX Mark in connection with physical therapy software and physical therapy software platforms is likely to cause confusion as to the source of its goods and services and/or sponsorship, affiliation, approval, or other commercial ties with Plaintiff.

32. Plaintiff's customers and potential customers have been confused by Defendant's use of the EVEREX Mark, exhibiting evidence of actual confusion between Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks and Defendant's EVEREX Mark.

33. Despite having actual knowledge of Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks and knowledge that the EVEREX Mark is actively causing consumer confusion, Defendant has willfully used and continues to willfully use the EVEREX Mark in association with remote rehabilitation and physical therapy.

34. Defendant has and continues to sell healthcare and rehabilitation software and services in the same markets and channels in which Everflex sells its healthcare and rehabilitation software and services, and will continue to do so without relief from this Court.

35. Defendant has and continues to sell healthcare and rehabilitation software and services to the same and similar customers to whom Plaintiff is selling or attempting to sell its healthcare and rehabilitation software and services, and will continue to do so without relief from this Court.

36. Defendant's infringing use includes utilizing a domain name that contains the confusingly similar EVEREX Mark, namely everex.ai. Defendant's website uses Defendant's EVEREX Mark on every subpage of the website in association with healthcare and rehabilitation software and services. Attached hereto as Exhibit C is a true and correct screenshot of Defendant's business website as of November 3, 2026, showing continued use of the EVEREX Mark in and on Defendant's domain name and business website. Defendant's infringing activity continues to this day. Upon information and belief, the everex.ai website has displayed the infringing EVEREX Mark since at least as early as August 2024.

37. The everex.ai/remote-therapeutic-monitoring webpage (Exhibit D) details reimbursement values and generation, actively advertising and promoting Defendant's services in connection with the infringing EVEREX Mark.

38. As shown in Exhibit C, Defendant's everex.ai website contains a "Request a Demo" option that allows potential customers to schedule a demo with Defendant to showcase how Defendant performs its healthcare and rehabilitation software and services in association with the EVEREX Mark.

39. Defendant's use of the EVEREX Mark is likely to cause confusion in the marketplace regarding the source, origin and/or affiliation of Defendant's products and services with Plaintiff's products and services, including by reference to "AI-Powered Remote Therapeutic Monitoring," "Remote Therapeutic Monitoring (RTM) platform," and other software-based physical therapy solutions on its website.

40. Despite actual notice and reasonable time to cease infringement, Defendant has refused to discontinue its use of the infringing EVEREX Mark, and in fact has increased use of the infringing EVEREX Mark during the time in which it has purported to negotiate settlement with Plaintiff in connection with the Opposition proceeding.

41. All the foregoing acts of Defendant have caused damage to Everflex, and unless restrained by this Court, will continue to cause serious and irreparable injury, including, but not limited to, loss of competitive advantage, loss of sales and profits, and other losses, for which Everflex has no adequate remedy at law.

**COUNT I**
**Trademark Infringement (15 U.S.C. § 1114(a))**

42. Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

43. Without consent of Plaintiff, Defendant has used, in connection with the sale, offering for sale, distribution or advertising of the infringing products and services, a mark that infringes upon the registered marks of Plaintiff.

44. Defendant's unauthorized use in commerce of Defendant's EVEREX Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct, therefore, constitutes direct trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

45. On information and belief, these acts of infringement were committed by Defendant with full knowledge of Plaintiff's prior rights in Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks,

and have been committed by Defendant with the intent to cause confusion, mistake or deception, and constitute willful infringement of registered marks in violation of 15 U.S.C. § 1114.

**COUNT II**
**Federal Unfair Competition (15 U.S.C. § 1125(a))**

46. Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks are entitled to protection under 15 U.S.C. § 1125(a).

48. Defendant's unauthorized continued use and promotion of the EVEREX Mark, which is confusingly similar to Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks, to identify Defendant's goods and services, is willful. Defendant's acts are intended to cause and are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association between Plaintiff and Defendant, or as to the origin, sponsorship, or approval by Plaintiff of Defendant's goods and services.

49. Defendant's unauthorized continued use of the EVEREX Mark, which is confusingly similar to Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks, constitutes a false description of the origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in 15 U.S.C. § 1125(a).

50. Defendant's conduct as alleged herein constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

51. Plaintiff has been damaged by Defendant's conduct and will suffer irreparable harm.

52. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and costs of the action under 15 U.S.C. §§ 1116 & 1117.

**COUNT III**
**Common Law Trademark Infringement and Unfair Competition**

53. Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff is the owner of the EVERFLEX and EVERFLEX HEALTH Marks at issue.

55. Without Plaintiff's consent, Defendant is using the EVEREX Mark in commerce, which is confusingly similar to Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks, to identify similar goods and services marketed and sold by them, in competition with Plaintiff.

56. As a result of Defendant's actions, customer confusion is likely, as to the source or sponsorship of Defendant's goods and services.

57. The foregoing acts of Defendant constitute common law trademark infringement and unfair competition in violation of the laws of California.

**COUNT IV**
**Violations of California Business & Professions Code**

58. Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59. On information and belief, Defendant in the course of its business caused and is causing likelihood of confusion and misunderstanding as to the source of Defendant's goods and services.

60. The foregoing acts of Defendant constitute willful trademark infringement and are an "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising" within the meaning of the California Business and Professions Code Section 17200 et seq.

61. As a direct result of Defendant's conduct, Everflex has suffered significant injury to its business, reputation, trademarks, and goodwill Defendant is permanently enjoined from engaging the acts alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Everflex prays for the following relief:

1) A preliminary injunction ordering that Defendant, and any of its principals, officers, directors, shareholders, owners, affiliates and subsidiaries, and all others acting in concert or participation with Defendant, shall not use, directly or indirectly, Defendant's EVEREX Mark, or any other mark that is confusingly similar to Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks;

2) A permanent injunction ordering that Defendant, and any of its principals, officers, directors, shareholders, owners, affiliates and subsidiaries, and all others acting in concert or

participation with Defendant, shall not use, directly or indirectly, Defendant's EVEREX Mark, or any other mark that is confusingly similar to Plaintiff's EVERFLEX and EVERFLEX HEALTH Marks;

3) An award of damages, including actual damages and prejudgment interest, sustained by Everflex as a result of the wrongful acts of Defendant;

4) An increase and/or trebling of damages pursuant to 15 U.S.C. § 1117, or any other applicable statutory or common law basis;

5) An accounting of any and all profits derived from the wrongful acts of Defendant;

6) An award of costs and attorney's fees pursuant to 15 U.S.C. § 1117 or any other statutory or common law basis;

7) Such other and further relief as the Court may deem just and proper.

Dated: November 3, 2026

*<u>/s/ Jon A. Birmingham</u>*

Jon A. Birmingham (Cal. Bar. No. 271034)
jbirmi@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
1134 Chorro Street, Suite 150
San Luis Obispo, CA 93401
Tel: (805) 548-1800
Fax: (805) 980-3483

*Counsel for Plaintiff Everflex, LLC*

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: November 3, 2026

*<u>/s/ Jon A. Birmingham</u>*

Jon A. Birmingham (Cal. Bar. No. 271034)
*Counsel for Plaintiff Everflex, LLC*